1

2

3

**FILED**
CLERK.U.S. DISTRICT COURT

1/17/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ LR _____ DEPUTY

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                     October 2024 Grand Jury

11  UNITED STATES OF AMERICA,        CR No. **2:25-cr-00040-HDV**

12            Plaintiff,             I N D I C T M E N T

13            v.                     [18 U.S.C. § 2252A(g): Engaging in
                                     a Child Exploitation Enterprise;
14  ROHAN SANDEEP RANE,              18 U.S.C. § 2253: Criminal
       aka "ROHAN,"                  Forfeiture]
15     "rogawd,"
       "god rohan,"
16     "tradlordd,"
       "witchking,"
17     "Rohaan is the goddddd,"
       "rodawg,"
18  COLLIN JOHN THOMAS WALKER,
       aka "WRATH,"
19     "CVLLIN,"
       "O9A.WRATH,"
20     "ghoblins,"
       "sadb-y,"
21     "maedeeznuts,"
    KALEB CHRISTOPHER MERRITT,
22     aka "eTerror,"
       "o9a.evil,"
23     "evil,"
       "The Chariot,"
24     "sociopath," and
    CLINT JORDAN LOPAKA NAHOOIKAIKA
25     BORGE,
       aka "Whoops,"
26     "Jordan,"

27            Defendants.

28

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

A.    THE CHILD EXPLOITATION ENTERPRISE

1.    Defendants ROHAN SANDEEP RANE, also known as ("aka") "rogawd," aka "tradlordd," aka "witchking," aka "Rohaan is the goddddd," aka "rodawg" ("RANE"), COLIN JOHN THOMAS WALKER, aka "WRATH," aka "CVLLIN," aka "O9A.WRATH," aka "ghoblins," aka "sadb-y," aka "maedeeznuts" ("WALKER"), KALEB CHRISTOPHER MERRITT, aka "eTerror," aka "o9a.evil," aka "The Chariot," aka "sociopath" ("MERRITT"), and CLINT JORDAN LOPAKA NAHOOIKAIKA BORGE, aka "Whoops," aka "Jordan" ("BORGE"), were members of an Internet-based group known as CVLT, the purpose of which was, among other things, the production of, enticement to produce, advertisement of, receipt of, distribution of, possession of, and access with intent to view child pornography, as defined in Title 18, United States Code, Section 2256(8)(a) (the "CVLT Exploitation Enterprise," or "CVLT"). CVLT operated in Los Angeles and San Bernardino Counties, within the Central District of Los Angeles, and elsewhere.

2.    CVLT was dedicated to, among other interests, online child sexual exploitation. CVLT members worked collectively to entice and coerce children to self-produce child pornography on servers associated with and run by CVLT on a platform known as "Platform D" and elsewhere online.

3.    CVLT members participated in their online child exploitation activities because they wanted to create an army of sadist followers. On these "Platform D" servers and elsewhere online, CVLT members would seek to groom children for eventual

2

production of child pornography through various means of degradation. This included coercing children to engage in dehumanizing acts (e.g., cutting and eating their own hair or calling themselves CVLT's "slaves"), self-harm (e.g., carving with razor blades CVLT members' names into their skin), and exposing children to extremist and violent content (e.g., displaying videos of animals being tortured to death and women being raped). For children who resisted, CVLT members would threaten to "SWAT," "dox," or distribute the child pornography or the child and their family's personally identifiable information to the public. For children who refused, CVLT would sometimes carry through on their threats.

4.    CVLT espoused neo-Nazism, nihilism, and pedophilia as its core principles, in addition to others, and exposed children to material depicting and promoting these principles. This included repeated uses of Nazi symbols and language and the distribution of bondage, discipline, sadist, and masochistic ("BDSM") and gore child pornography.

5.    Defendants RANE, WALKER, MERRITT, and BORGE were members of CVLT. Defendant RANE joined CVLT at least as early as 2020 and used the usernames "rogawd," "tradlordd," "witchking," "Rohaan is the goddddd," and "rodawg." Defendant WALKER joined CVLT at least as early as 2020 and used the usernames "WRATH," "CVLLIN," "O9A.WRATH," "ghoblins," "sadb-y," and "maedeeznuts." Defendant MERRITT joined CVLT at least as early as 2020 and used the usernames aka "eTerror," "o9a.evil," "The Chariot," and "sociopath." Defendant BORGE joined CVLT at least as early as 2020 and used the usernames "Whoops" and "Jordan."

6.     Defendants RANE, WALKER, and MERRITT additionally acted as leaders and administrators of CVLT, including by hosting and running CVLT servers or directing others to do so, controlling membership in CVLT, controlling access to CVLT extortion video chats and other materials, and directing and instructing victims during the creation of CVLT extortion videos and other materials.

7.     CVLT included other coconspirators both known and unknown to the Grand Jury, in the Central District of California and elsewhere, including, but not limited to: Coconspirator R.M., a minor male CVLT member using the usernames "Goonz Angel" and "Deal with the Devil" ("Coconspirator R.M."); and Minor Victim 13, both a coconspirator and minor female victim of CVLT using the username "Kalina" ("Minor Victim 13").

B.   MEANS AND METHODS OF THE CVLT ENTERPRISE

8.     Among the means and methods by which defendants RANE, WALKER, MERRITT, and BORGE, and other CVLT members, conducted and participated in the conduct of the affairs of the CVLT Child Exploitation Enterprise were the following:

a.   CVLT members invited children to servers associated with and run by CVLT on Platform D.

b.   Once on a such server, CVLT members would groom the children to participate in self-producing child pornography by, for example, but not limited to:

i.   exploiting existing vulnerabilities, such as mental health challenges or prior sexual abuse to break down children's willpower and resistance,

ii.   degrading children, such as telling a Black child to call herself "slave" and "[N-word]",

iii.    offering to "protect" the children from other online predators,

iv.    encouraging children to harm themselves and others, in order to desensitize them to extreme and violent acts, such as punching themselves, hanging themselves with belts, engaging in sexual or violent acts with their pets, and – eventually – escalating to killing themselves on livestream,

v.    exposing children to violent and extremist context, such as animals being tortured and crushed to death, women being raped, and BDSM and gore child pornography, and

vi.    promoting extreme philosophies such as neo-Nazism, nihilism, anarchy, pedophilia, rape, and lawlessness.

c.    Having degraded and groomed the children, CVLT members would then knowingly employ, use, persuade, induce, entice, and coerce children to self-produce child pornography and self-harm. This child pornography sometimes included use of pets or other children, or insertion of foreign objects like knives or cacti into their genitals.

d.    For example, on or about September 15, 2021, Coconspirator R.M. and Minor Victim 13 conspired to produce child pornography of herself (Minor Victim 13) and a prepubescent child, Minor Victim 14.  Minor Victim 13 filmed at least two videos depicting child pornography of Minor Victim 14 and distributed the child pornography to Coconspirator R.M.  Minor Victim 13 was in San Bernardino County, within the Central District of Los Angeles, at the time she conspired with Coconspirator R.M. to produce child pornography and at the time she produced and distributed the child pornography.  Minor Victim 14 was in San Bernardino County, within

5

the Central District of California, at the time Minor Victim 13 produced child pornography of her.

e.    Once CVLT members had obtained the child pornography from child victims, they would often try to coerce the children to produce more child pornography, threatening to release the existing child pornography to the child's friends and family – or the public – if the child did not produce more child pornography.  Other times, CVLT members would reveal they knew the child's true identity and location, and would threaten to "SWAT" or "dox" the child.

f.    CVLT members would discuss child sexual exploitation, including encouraging other members to coerce the children to engage in more extreme, violent, and degrading behavior, and also encouraged others associated with CVLT to do the same.  They also discussed the potential of being apprehended and how to evade detection by law enforcement.

1          [18 U.S.C. § 2252A(g)(2)]

2          9.    The Grand Jury realleges paragraphs 1-8 of this Indictment

3    here.

4          10.   Beginning in at least 2019, and continuing through in or

5    about 2022, in Los Angeles and San Bernardino Counties, within the

6    Central District of California, and elsewhere, defendants RANE,

7    WALKER, MERRITT, and BORGE, and others known and unknown to the Grand

8    Jury, knowingly and willfully engaged in a child exploitation

9    enterprise, that is, the commission of a series of felony violations

10   enumerated in Title 18, United States Code, Section 2252A(g)(2),

11   constituting at least three separate incidents involving more than

12   one victim.  The felony violations committed by the defendants in

13   concert with one another and other members of CVLT include, but are

14   not limited to, the following:

15   MINOR VICTIM 16 (DEFENDANT BORGE)

16         11.   Beginning on an unknown date, and continuing to an unknown

17   date in 2019, defendant BORGE used a facility and means of interstate

18   and foreign commerce, namely, the Internet, to knowingly persuade,

19   induce, entice, and coerce a person who had not yet attained the age

20   of 18 years, namely Minor Victim 16, to engage in sexual activity for

21   which a person can be charged with a criminal offense, namely,

22   production of child pornography, in violation of Title 18, United

23   States Code, Section 2251(a).

24         12.   Beginning on an unknown date, and continuing to an unknown

25   date in 2019, defendant BORGE knowingly employed, used, persuaded,

26   induced, enticed, and coerced a minor, namely Minor Victim 16, to

27   engage in sexually explicit conduct, as defined in Title 18, United

28   States Code, Section 2256(2)(A), for the purpose of producing a

7

visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 5 (DEFENDANT RANE)

13.  Beginning on an unknown date, and continuing to an unknown date in 2020, defendant RANE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induct, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 5, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

14.  Beginning on an unknown date, and continuing to an unknown date in 2020, defendant RANE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 5, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 2 (DEFENDANTS RANE, WALKER, AND MERRITT)

15.  Beginning on an unknown date, and continuing to an unknown date in 2020, defendants RANE, WALKER, and MERRITT used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 2, to

engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

16.   Beginning on an unknown date, and continuing to an unknown date in 2020, defendants RANE, WALKER, and MERRITT knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 2, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 8 (DEFENDNAT RANE)

17.   Beginning on an unknown date, and continuing to an unknown date in 2020, defendant RANE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 8, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

18.   Beginning on an unknown date, and continuing to an unknown date in 2020, defendant RANE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 8, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using

1    any means and facility of interstate and foreign commerce and in

2    affecting interstate and foreign commerce.

3    MINOR VICTIM 3 (DEFENDANTS RANE, WALKER, AND MERRITT)

4         19.  Beginning on an unknown date, and continuing to an unknown

5    date in 2020, defendants RANE, WALKER, and MERRITT used a facility

6    and means of interstate and foreign commerce, namely, the Internet,

7    to knowingly persuade, induce, entice, and coerce a person who had

8    not yet attained the age of 18 years, namely Minor Victim 3, to

9    engage in sexual activity for which a person can be charged with a

10   criminal offense, namely, production of child pornography, in

11   violation of Title 18, United States Code, Section 2251(a).

12        20.  Beginning on an unknown date, and continuing to an unknown

13   date in 2020, defendants RANE, WALKER, and MERRITT knowingly

14   employed, used, persuaded, induced, enticed, and coerced a minor,

15   namely Minor Victim 3, to engage in sexually explicit conduct, as

16   defined in Title 18, United States Code, Section 2256(2)(A), for the

17   purpose of producing a visual depiction of such conduct, knowing and

18   having reason to know that such visual depiction would be transported

19   and transmitted using any means and facility of interstate and

20   foreign commerce and in affecting interstate and foreign commerce.

21   MINOR VICTIM 10 (DEFENDANTS RANE and WALKER)

22        21.  Beginning on an unknown date, and continuing to an unknown

23   date in 2020, defendants RANE and WALKER used a facility and means of

24   interstate and foreign commerce, namely, the Internet, to knowingly

25   persuade, induce, entice, and coerce a person who had not yet

26   attained the age of 18 years, namely Minor Victim 10, to engage in

27   sexual activity for which a person can be charged with a criminal

28

offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

22. Beginning on an unknown date, continuing to an unknown date in 2020, defendants RANE and WALKER knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 10, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 7 (DEFENDANT RANE)

23. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant RANE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 7, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

24. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant RANE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 7, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using

1  any means and facility of interstate and foreign commerce and in

2  affecting interstate and foreign commerce.

3  MINOR VICTIM 4 (DEFENDANTS RANE, MERRITT, and BORGE)

4      25.  Beginning on an unknown date, and continuing to an unknown

5  date in 2020, defendants RANE and MERRITT used a facility and means

6  of interstate and foreign commerce, namely, the Internet, to

7  knowingly persuade, induce, entice, and coerce a person who had not

8  yet attained the age of 18 years, namely Minor Victim 4, to engage in

9  sexual activity for which a person can be charged with a criminal

10  offense, namely, production of child pornography, in violation of

11  Title 18, United States Code, Section 2251(a).

12      26.  Beginning on an unknown date, and continuing to an unknown

13  date in 2020, defendants RANE and MERRITT knowingly attempted to

14  employ, use, persuade, induce, entice, and coerce a minor, namely

15  Minor Victim 4, to engage in sexually explicit conduct, as defined in

16  Title 18, United States Code, Section 2256(2)(A), for the purpose of

17  producing a visual depiction of such conduct, knowing and having

18  reason to know that such visual depiction would be transported and

19  transmitted using any means and facility of interstate and foreign

20  commerce and in affecting interstate and foreign commerce.

21      27.  Beginning on an unknown date, and continuing to an unknown

22  date in 2021, defendant BORGE used a facility and means of interstate

23  and foreign commerce, namely, the Internet, to knowingly persuade,

24  induce, entice, and coerce a person who had not yet attained the age

25  of 18 years, namely Minor Victim 4, to engage in sexual activity for

26  which a person can be charged with a criminal offense, namely,

27  production of child pornography, in violation of Title 18, United

28  States Code, Section 2251(a).

28.    Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 4, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

<u>MINOR VICTIM 6 (DEFENDANTS RANE, WALKER, and MERRITT)</u>

29.    Beginning on an unknown date, and continuing to an unknown date in 2021, defendants RANE, WALKER, and MERRITT used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 6, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

30.    Beginning on an unknown date, and continuing to an unknown date in 2021, defendants RANE, WALKER, and MERRITT knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 6, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

1    MINOR VICTIM 9 (DEFENDANT BORGE)

2        31.    Beginning on an unknown date, and continuing to an unknown

3    date in 2021, defendant BORGE used a facility and means of interstate

4    and foreign commerce, namely, the Internet, to knowingly persuade,

5    induce, entice, and coerce a person who had not yet attained the age

6    of 18 years, namely Minor Victim 9, to engage in sexual activity for

7    which a person can be charged with a criminal offense, namely,

8    production of child pornography, in violation of Title 18, United

9    States Code, Section 2251(a).

10       32.    Beginning on an unknown date, and continuing to an unknown

11   date in 2021, defendant BORGE knowingly employed, used, persuaded,

12   induced, enticed, and coerced a minor, namely Minor Victim 9, to

13   engage in sexually explicit conduct, as defined in Title 18, United

14   States Code, Section 2256(2)(A), for the purpose of producing a

15   visual depiction of such conduct, knowing and having reason to know

16   that such visual depiction would be transported and transmitted using

17   any means and facility of interstate and foreign commerce and in

18   affecting interstate and foreign commerce.

19   MINOR VICTIM 11 (DEFENDANTS RANE and BORGE)

20       33.    Beginning on an unknown date, and continuing to an unknown

21   date in 2021, defendants RANE and BORGE used a facility and means of

22   interstate and foreign commerce, namely, the Internet, to knowingly

23   persuade, induce, entice, and coerce a person who had not yet

24   attained the age of 18 years, namely Minor Victim 11, to engage in

25   sexual activity for which a person can be charged with a criminal

26   offense, namely, production of child pornography, in violation of

27   Title 18, United States Code, Section 2251(a).

28

34.   Beginning on an unknown date, and continuing to an unknown date in 2021, defendants RANE and BORGE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 11, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 11 (DEFENDANT BORGE)

35.   Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 11, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

36.   Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 11, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

1  MINOR VICTIMS 13 and 14 (DEFENDANT BORGE and UNINDICTED CVLT
2  COCONSPIRATORS)

3        37.  Beginning on or about August 15, 2021, and continuing
4  through on or about August 16, 2021, an unindicted coconspirator CVLT
5  coconspirator used a facility and means of interstate and foreign
6  commerce, namely, the Internet, to knowingly persuade, induce,
7  entice, and coerce a person who had not yet attained the age of 18
8  years, namely Minor Victim 13, to engage in sexual activity for which
9  a person can be charged with a criminal offense, namely, production
10 of child pornography, in violation of Title 18, United States Code,
11 Section 2251(a).

12        38.  Beginning on an unknown date, and continuing to an unknown
13 date in 2021, defendant BORGE knowingly employed, used, persuaded,
14 induced, enticed, and coerced minors, namely Minor Victim 13 and
15 Minor Victim 14, to engage in sexually explicit conduct, as defined
16 in Title 18, United States Code, Section 2256(2)(A), for the purpose
17 of producing a visual depiction of such conduct, knowing and having
18 reason to know that such visual depiction would be transported and
19 transmitted using any means and facility of interstate and foreign
20 commerce and in affecting interstate and foreign commerce.

1                      FORFEITURE ALLEGATION

2                       [18 U.S.C. § 2253]

3       1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 2253, in the event of any defendant's

7   conviction of the offense set forth in this Indictment.

8       2.   Any defendant so convicted shall forfeit to the United

9   States of America the following property:

10          (a)   All right, title, and interest in any visual depiction

11  involved in any such offense, or any book, magazine, periodical, film

12  videotape, or other matter which contains any such visual depiction,

13  which was produced, transported, mailed, shipped or received and

14  involved in any such offense;

15          (b)   All right, title, and interest in any property, real

16  or personal, constituting or traceable to gross profits or other

17  proceeds obtained from such offense;

18          (c)   All right, title, and interest in any property, real

19  or personal, used or intended to be used to commit or to promote the

20  commission of such offense or any property traceable to such

21  property; and

22          (d)   To the extent such property is not available for

23  forfeiture, a sum of money equal to the total value of the property

24  described in subparagraphs (a), (b), and (c).

25      3.   Pursuant to Title 21, United States Code, Section 853(p), as

26  incorporated by Title 18, United States Code, Section 2253(b), the

27  defendant, if so convicted, shall forfeit substitute property, up to

28  the total value of the property described in the preceding paragraph

17

1   if, as the result of any act or omission of the defendant, the

2   property described in the preceding paragraph, or any portion

3   thereof: (a) cannot be located upon the exercise of due diligence;

4   (b) has been transferred, sold to or deposited with a third party;

5   (c) has been placed beyond the jurisdiction of the court; (d) has

6   been substantially diminished in value; or (e) has been commingled

7   with other property that cannot be divided without difficulty.

8

9                                    A TRUE BILL

10

11                                   /S/
                                     _____
12                                   Foreperson

13  E. MARTIN ESTRADA
    United States Attorney
14

15  *Lindsey Greer Dotson*

16  LINDSEY GREER DOTSON
    Assistant United States Attorney
17  Chief, Criminal Division

18  JOSHUA O. MAUSNER
    Assistant United States Attorney
19  Chief, Violent & Organized Crime
    Section
20
    CATHARINE A. RICHMOND
21  Assistant United States Attorney
    Violent & Organized Crime Section
22

23

24

25

26

27

28

                                    18