E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7162
     Facsimile: (213) 894-0141
     Email:     catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT
1/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____LR_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 2:25-cr-00040-HDV-4 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| CLINT JORDAN LOPAKA NAHOOIKAIKA BORGE, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.  Temporary 10-day Detention Requested (§ 3142(d)) on the
       following grounds:
   ☐ a.  present offense committed while defendant was on release
         pending (felony trial),
   ☐ b.  defendant is an alien not lawfully admitted for
         permanent residence; and

☐ c. defendant may flee; or
☐ d. pose a danger to another or the community.
☒ 2. Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:
☒ a. the appearance of the defendant as required;
☒ b. safety of any other person and the community.
☐ 3. Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):
☐ a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;
☐ b. defendant cannot establish by clear and convincing evidence that he/she will not flee.
☐ 4. Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):
☐ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
☐ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
☐ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

|  |  |  |  |
|---|---|---|---|
| 1 |  |  | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |
| 2 |  |  | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 3 |  |  | to community and flight risk); |
| 4 | ☐ | d. | defendant currently charged with an offense described |
| 5 |  |  | in paragraph 5a - 5e below, <u>AND</u> defendant was |
| 6 |  |  | previously convicted of an offense described in |
| 7 |  |  | paragraph 5a - 5e below (whether Federal or |
| 8 |  |  | State/local), <u>AND</u> that previous offense was committed |
| 9 |  |  | while defendant was on release pending trial, <u>AND</u> the |
| 10 |  |  | current offense was committed within five years of |
| 11 |  |  | conviction or release from prison on the above- |
| 12 |  |  | described previous conviction (presumption of danger to |
| 13 |  |  | community). |
| 14 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 15 |  |  | If the Case Involves: |
| 16 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 17 |  |  | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 18 |  |  | Federal crime of terrorism (as defined in 18 U.S.C. |
| 19 |  |  | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 20 |  |  | years' imprisonment or more; |
| 21 | ☐ | b. | an offense for which maximum sentence is life |
| 22 |  |  | imprisonment or death; |
| 23 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 24 |  |  | 10 years' imprisonment or more; |
| 25 | ☐ | d. | any felony if defendant has two or more convictions for |
| 26 |  |  | a crime set forth in a-c above or for an offense under |
| 27 |  |  | state or local law that would qualify under a, b, or c |
| 28 |  |  |  |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | if federal jurisdiction were present, or a combination |
| 2 |   |   | or such offenses; |
| 3 | ☒ | e. | any felony not otherwise a crime of violence that |
| 4 |   |   | involves a minor victim or the possession or use of a |
| 5 |   |   | firearm or destructive device (as defined in 18 U.S.C. |
| 6 |   |   | § 921), or any other dangerous weapon, or involves a |
| 7 |   |   | failure to register under 18 U.S.C. § 2250; |
| 8 | ☐ | f. | serious risk defendant will flee; |
| 9 | ☐ | g. | serious risk defendant will (obstruct or attempt to |
| 10 |   |   | obstruct justice) or (threaten, injure, or intimidate |
| 11 |   |   | prospective witness or juror, or attempt to do so). |
| 12 | ☐ | 6. | Government requests continuance of _____ days for detention |
| 13 |   |   | hearing under § 3142(f) and based upon the following |
| 14 |   |   | reason(s): |

15
16 _____
17 _____
18 _____
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4

☐   7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: January 16, 2025          Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 LINDSEY GREER DOTSON
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 *Catharine Richmond*
                                 _____
                                 CATHARINE A. RICHMOND
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA